

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/16/2026

**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Lauren Howland**
*Special Assistant Corporation Counsel*
Office:  (212) 356-2016

June 15, 2026

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    *Re:*  *M.L.. et al. v. N.Y.C. Dep't of Educ.,* 26-cv-2890 (AT)(SDA)

Dear Judge Torres:

   I am a Special Assistant Corporation Counsel in the Office of the Corporation Counsel, the Steven Banks, attorney for Defendant the New York City Department of Education in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et. seq*. ("IDEA"), as well as for this action.

   The parties respectfully submit this joint letter in accordance with the Court's orders on April 15, 2026 (ECF Nos. 5 & 7) to respectfully inform the Court that they do not consent to § 636 referral to the Magistrate Judge Aaron for all purposes.

   Additionally, the parties respectfully request that the Court adjourn the submission of joint letter, Case Management Plan, and proposed Scheduling Order, *sine die*.  In support of this request, the parties note that this matter sets forth only a claim for fees and costs, and no other claim for liability. Furthermore, this office has settled many similar IDEA fees-only cases brought by plaintiffs represented by Kule-Korgood and Associates in recent years without the need to burden the Court with motion practice, conferences, or even the need to respond to the Complaint. The parties are optimistic this matter will take the same course.

   I also write on behalf of Defendant to respectfully request a 90-day extension of Defendant's time to respond to the Complaint—from June 16, 2026 to September 14, 2026. . Defendant apologizes for the lateness of this request (having not complied with Your Honor's 48-hour rule) and the inconvenience to the Court. This is the first request for an extension, and Plaintiff consents to the request. The requested extension will allow time for Defendant's counsel to complete

the City's internal review process—which takes an average of 90 days from receipt of Plaintiff's attorney billing record—by reviewing the billing records together with the underlying administrative record, and for the parties to engage in settlement discussions.

Accordingly, the parties respectfully request that the submission of the Case Management Plan and proposed Scheduling Order be adjourned, *sine die*, and Defendant respectfully requests that the time to respond to the Complaint be extended until September 14, 2026. The parties jointly propose that a further joint status letter be due by September 14, 2026—ideally advising the Court that this matter has settled, or otherwise filing a pre-motion letter and/or proposing a briefing schedule.

Thank you for considering this request.

Respectfully submitted,

/s/

Lauren Howland
Special Assistant Corporation Counsel

cc:    Michele Kule-Korgood , Esq. (via ECF)

GRANTED IN PART. By **September 14, 2026**, Defendant shall answer or otherwise respond to the complaint. By **that same date**, the parties shall submit a joint letter and proposed case management plan. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated:  June 16, 2026
        New York, New York

ANALISA TORRES
United States District Judge